[No. 37400. Department Two. January 7, 1965.]

WILLIS E. LIPP, *Appellant*, v. KATHLEEN HENDRICK, *Respondent*\*

*Reported in 397 P. (2d) 848.

*Miracle, Treadwell & Pruzan,* for appellant.

*Alfred McBee,* for respondent.

FINLEY, J.—This is an appeal from an order dismissing the plaintiff-appellant's complaint under Rule 41.04W for failure to note the case for trial within a year after issue was joined. A chronological development of events is helpful to an understanding of the questions involved:

December 15, 1961: The plaintiff's first attorney, Boynton Kamb, served the summons and complaint.

December 19, 1961: The defendant appeared through her attorney.

January 16, 1962: The summons and complaint were filed.

February 1, 1962: Mr. Kamb sent the plaintiff a letter notifying the plaintiff that he was withdrawing from the case as counsel. However, Mr. Kamb wrote that the withdrawal notice would be kept in his files until the plaintiff secured another attorney, and then the withdrawal would be filed with the clerk of the court.

February 27, 1962: The defendant's answer was filed and mailed to Mr. Kamb.

March 2, 1962: Boynton Kamb sent another letter to plaintiff enclosing a copy of the answer. This letter stated that Mr. Kamb was going to file his withdrawal with the clerk of the court that afternoon. Also, Mr. Kamb outlined the dangers of further delay under Rule 41.04W, and urged the plaintiff to secure new counsel.

March 2, 1962: Formal notice of Kamb's withdrawal was served on defendant's counsel.

March 20, 1962: Formal notice of Mr. Kamb's withdrawal was actually filed with the county clerk.

November 20, 1962: Present counsel appeared as counsel for the plaintiff.

May 29, 1963: The motion to dismiss under Rule 41.04W was filed.

The statute of limitation had run a month before the motion to dismiss was filed. For this reason, the appellant is under a significant burden in seeking to have the order of dismissal reversed. Appellant concedes that his arguments are highly technical, but he justifies them on the ground that they are appropriate to overcome a rule that prevented him from securing a trial on the merits.

Primarily the appellant argues that Rule 41.04W[1] does not apply to the facts of this case because no "issue of law or fact has been joined," as required by that rule. The appellant admits that the serving of the answer by the defendant would have normally placed the case at "issue" within the meaning of Rule 41.04W, but the appellant strongly argues that there was defective service of the answer, and thus no answer, so the case was not at issue during the year involved. The appellant's premise that there was no valid service of the answer is based on several grounds.

First, the appellant points out that Mr. Kamb was no longer his attorney when he received the defendant's answer on February 27, 1962. Thus, he could not validly receive service of the answer. However, this argument overlooks the fact that Mr. Kamb continued as attorney of record to protect the plaintiff during the time that the plaintiff was deciding whether to secure other counsel. This arrangement was apparently satisfactory to the plaintiff, and, as the trial court pointed out, it was certainly conduct well within the obligations of courtesy and professional responsibility Mr. Kamb owed to the plaintiff. Under the circumstances of an unsettled relationship, the defendant was bound to follow the dictates of RCW 2.44.050:

"When an attorney is changed, as provided in RCW 2.44.040, written notice of the change, and of the substitution

---

[1]Rule 41.04W (a): *"Dismissal on Motion of Parties.* Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff . . . neglects to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. . . ."

of a new attorney, or of the appearance of the party in person, must be given to the adverse party; until then, he shall be bound to recognize the former attorney."

Thus, it was quite proper, if not mandatory, for the defendant to treat Mr. Kamb as attorney for the plaintiff for the purposes of service of the answer on February 27, 1962.

The appellant next argues that, even if Mr. Kamb was still the attorney of record for the plaintiff, there was still invalid service of the answer on Mr. Kamb under RCW 4.28.250:

"Service by mail may be made when the person making the service and the person on whom it is to be made reside in different places between which there is a regular communication by mail."

It is appellant's position that, since Mr. Kamb and counsel for the defendant both lived in Mount Vernon, service by mail was defective. However, it is the custom of the Bar in Skagit County to waive strict compliance with the service statutes after the jurisdiction of the court is invoked. This practice obviously cuts down the time and expense involved in service, and this saving in turn can be passed on to the public in lower costs of litigation. The Judicial Council has recently recommended adoption of rules permitting the use of the mails for service of all pleadings on attorneys. Proposed Civil Rules for Superior Court, Rule 5(b)(1), p. 11 (January 1964). However, the appellant strongly argues that an attorney cannot waive strict compliance with RCW 4.28.250. The respondent contends that counsel can waive strict compliance with the statutes as they apply to service of answers, motions, etc., once jurisdiction of the court is properly invoked. We need not decide this question, as we believe that there was proper service on the plaintiff.

As noted above, Mr. Kamb mailed the answer to the plaintiff on March 2, 1962. The appellant further argues that even this was not valid service, because it is contended that the plaintiff "resided" in the same place as the defendant. The plaintiff lived in the community of Bay View, which is 10 to 12 miles west and slightly north of Mount

Vernon. Bay View is one of the oldest communities in Skagit County. It has a present population of 200 to 300 persons, and, up to 4 years ago, it had its own post office. The community is now served by the United States Post Office in Mount Vernon. It is this fact that the appellant uses to argue that there was a failure to satisfy RCW 4.28.250, as there is no "regular communication by mail" between Bay View and Mount Vernon. We do not agree. The statute does not condition the use of mail service on the use of two post offices. The statute only requires that the parties "reside in *different places* between which there is a regular communication by mail." (Italics ours.) Modern efficiencies in mail service should not make service of answers and process more onerous. Here, the parties did reside "in different places," and there was "regular communication by mail." It is significant that Bay View could have been serviced out of the Anacortes Post Office, which is closer. Also, Burlington, Sedro-Woolley, and LaConner are all closer to Mount Vernon than Bay View. The only thing that distinguishes them from Bay View is that they all have their own separate post offices. This is simply not sufficient to void service in Bay View by mail. We conclude that the letter of the statute was satisfied when the answer was mailed to the plaintiff who resided in a different community.

▪ As stated earlier in this opinion, the appellant admitted that he was making a very technical argument to overcome the dismissal under Rule 41.04W. The appellant has stressed the fact that he will not be able to secure a trial on the merits because of the operation of Rule 41.04W. However, we cannot overlook the fact that Mr. Kamb clearly warned the plaintiff of the dangers of Rule 41.04W, and present counsel made their appearance in this case on November 20, 1962, yet nothing was done to set the case for trial up to May 29, 1963, the date the motion for dismissal was filed. Furthermore, there has been no allegation that the plaintiff did not receive the answer early in March of 1962. As the trial court stated:

"In the case now under consideration, no excusatory facts are presented. The present counsel of Mr. Lipp has not

disclosed to the court the reason for not getting the case assigned for trial during the past year. It does not appear from the record whether it was due to negligence on the part of Mr. Lipp or his present counsel."

This is a case which Rule 41.04W was designed to eliminate from our already crowded calendars. While it is unfortunate that the plaintiff has lost the right to a trial on the merits, it is also important that the policy underlying Rule 41.04W be enforced, especially when both the plaintiff and certainly counsel were aware of the rule.

The order of dismissal by the superior court is affirmed.

OTT, C. J., WEAVER, ROSELLINI, and HAMILTON, JJ., concur.