[No. 44881. En Banc. January 19, 1978.]

CYNTHIA E. HALLER, *Appellant,* v. GUFFREY H. WALLIS, *Respondent.*

*Fortier & Baker* and *G. William Baker,* for petitioner.

*John Gavin* and *Gavin, Robinson, Kendrick, Redman & Mays,* for respondent.

ROSELLINI, J.—On March 8, 1969, Cynthia E. Haller, then 5 years of age, was injured when she ran from behind a parked car and was struck by a vehicle driven by Guffrey H. Wallis, now deceased. According to reports of eyewitnesses, the vehicle was proceeding at about 10 to 15 miles per hour and swerved sharply to the right in an apparent attempt to avoid hitting the child. Her mother, the appellant here, engaged the firm of Tonkoff, Holst, Hanson and Dauber to pursue her claim against Wallis, and was appointed guardian ad litem. Her attorneys, having instituted suit and having investigated the facts, determined that liability would be difficult if not impossible to prove and petitioned the court for authority to settle the claim by acceptance of an offer made by the defendant's insurer in the amount of $1,000. The settlement was authorized, and attorney Tonkoff presented to the appellant for her signature a release evidencing acceptance of the settlement offer.

The appellant did not sign the release. Instead, she wrote to her attorneys, expressing shock at the amount of the proposed settlement and requesting an explanation. She was advised by letter that the attorneys had come to the conclusion that they could not establish liability on the part of the defendant. It was again requested that she sign the release. When she refused to do this, the attorneys set the matter for hearing, mailing to the appellant a form of notice which described the hearing as one upon an issue of fact. It did not identify the subject to be considered; however, the proposed settlement appears to have been the only matter then pending.

The appellant did not attend the hearing. On November 18, 1969, she wrote a letter to attorney Tonkoff, stating:

> This letter is to inform you that you no longer have my authority, as mother and guardian of Cynthia E. Haller,

to settle personal claim injury of Cynthia E. Haller vs. Guffery H. Wallis.

Again, I asked that my file be returned to me as we had no agreement other than a contingent basis.

The hearing on the settlement was held on November 21, 1969, before Judge Carl L. Loy, who, on November 25, 1969, signed an "Amended Order Authorizing Settlement," which read in part:

THIS MATTER having come on for hearing this 21st day of November, 1969, before the undersigned judge of the above entitled court, upon an application for authority to settle personal injury claim. It appearing to the court that Betty Haller, guardian ad litem and mother of Cynthia E. Haller, a minor, has objected to said settlement and, it further appearing that notice of this hearing for application for order of settlement has been given to Betty Haller, guardian ad litem and mother of Cynthia E. Haller.

It appearing to the court that heretofore the above entitled court approved a contingent fee contract providing for attorneys' fees in the sum of one-third of any property or monies collected plus expenses in connection with said suit, and the court having taken sworn testimony from counsel for plaintiff and from counsel for defendant regarding the facts and circumstances of liability in this matter, and it appearing to the court that there is no liability and it further appearing that this is a nuisance case with no liability.

It further appearing that the best interest of the minor child will be served by this settlement and that a check has been deposited with the clerk of court in the sum of $1000.00 in full settlement arising out of said accident and the court being fully advised, now therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that this cause of action be settled for and on behalf of Cynthia E. Haller, a minor child, for personal injuries sustained in the above entitled action for the sum of $1000.00.

On December 9, 1969, an order of dismissal presented by defense counsel was signed by the judge. Attorney Dauber acknowledged service of the order and waived notice of presentation.

The proceeds of the settlement were received by the attorneys and, after deduction of the authorized attorney fees and costs, the balance was paid to the State of Washington, which was subrogated to the appellant's claim by virtue of having paid the medical expenses incurred by the minor, which exceeded the amount of settlement.

The appellant made no further demand upon the attorneys and took no further action in this matter until November 1975, when, having received a medical opinion that the minor's injuries were more extensive than was originally thought and having employed other attorneys, she moved to vacate the judgment because of alleged irregularities in procuring it.

The "irregularities" complained of were (1) that the guardian was not notified of the hearing on the proposed settlement and was given no opportunity to be heard, and that the notice which was sent her was defective; (2) that the court did not receive evidence at the time of the hearing in support of the amended order; (3) that the attorneys for the plaintiff were without authority to settle the claim and had been discharged prior to the entry of the amended order; and (4) that the order did not recite that the plaintiff was represented by independent counsel.

The court found as a fact that the appellant was notified of the hearing on the proposed settlement and concluded as a matter of law that due process did not require that she be personally notified of this hearing or that she be present. It found that the presumption stemming from the recital in the judgment that evidence was received by the court, was not rebutted. It further found that the evidence was insufficient to show that the attorneys did not have authority to settle the claim or had been discharged prior to the hearing and entry of the order, and finally found that it was apparent from the face of the record that the plaintiff was represented at all times by independent counsel. These findings and conclusions are challenged on this appeal.

CR 60(b)(1) provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order; . . .[1]

An "irregularity," within the meaning of this rule, has been defined as the want of adherence to some prescribed rule or mode of proceeding; and it consists either in the omitting to do something that is necessary for the due and orderly conducting of a suit, or in doing it in an unreasonable time or improper manner. *Merritt v. Graves,* 52 Wash. 57, 59, 100 P. 164 (1909).

A motion to vacate a judgment is to be considered and decided by the trial court in the exercise of its discretion, and its decision should be overturned on appeal only if it plainly appears that it has abused that discretion. *Martin v. Pickering,* 85 Wn.2d 241, 533 P.2d 380 (1975). In that case we cited *White v. Holm,* 73 Wn.2d 348, 438 P.2d 581 (1968), where we said that a proceeding to set aside a default judgment is equitable in nature, and relief is in accord with equitable principles and terms. The court is to exercise its authority liberally to preserve substantial rights and do justice between the parties.

Discussing the proper exercise of discretion where a motion is made to set aside a default judgment, we said that the trial court should consider two primary and two secondary factors, which must be shown by the moving party: that there is substantial evidence to support, at least prima facie, a defense to the claim; that his failure to appear and answer was due to mistake, inadvertence, surprise, or excusable neglect; that he acted with due diligence after notice of entry of the default, and that no substantial hardship will result to the opposing party if the judgment is set aside. We also noted that a ruling which sets aside a

---

[1]Except where the party entitled to relief is a minor, the motion to vacate must be made within 1 year after the judgment or order is entered. CR 60(b).

default will be reviewed more leniently than one which denies a trial on the merits.

██ There is an obvious difference in the view which courts take of judgments by default and judgments by consent. In the one, the defendant has had no representation and no hearing, whereas in the other, the moving party has, usually with the aid of counsel, had the merits of his claim or defense examined and has agreed upon the disposition of the controversy. In a case such as this, involving a minor represented by a guardian, the minor has had also the interested intervention of the court, which is charged (under RCW 11.92.060(4)) with the duty of inquiring into her best interests. The law favors settlements, and consequently it must also favor their finality.

Since a judgment approving a settlement differs from a judgment by default in that both parties have appeared before the court and have sought its approval of their agreement disposing of the case, different equitable factors must be considered when the court is asked to vacate such a judgment.

Upon the question of what showing must be made in an application to set aside a judgment by consent, it is said in 3 E. Tuttle, *A Treatise of the Law of Judgments* § 1352, at 2776-77 (5th ed. rev. 1925):

> If [the judgment] conforms to the agreement or stipulation, it cannot be changed or altered or set aside without the consent of the parties unless it is properly made to appear that it was obtained by fraud or mutual mistake or that consent was not in fact given, which is practically the same thing. It will not be set aside on the ground of surprise and excusable neglect. Neither is an error or misapprehension of the parties, nor of their counsel, any justification for vacating the judgment, although the counsel consented to it because deceived by fraudulent misrepresentations of third parties that his client was willing to pay the judgment. Erroneous advice of counsel, pursuant to which the consent judgment was entered is not ground for vacating it.

(Footnotes omitted.)

The treatise lists other grounds which have been found insufficient. It states that consent by an attorney contrary to his client's instructions may be ground for vacating such a judgment, but as a general rule courts are loathe to act upon this ground alone unless fraud appears.

The basic principles stated in the treatise are reflected in our case of *Handley v. Mortland,* 54 Wn.2d 489, 342 P.2d 612 (1959). That case was a proceeding to vacate a judgment which was entered during the petitioner's minority, authorizing his then guardian ad litem to compromise and settle an action for personal injuries. He contended, upon reaching his majority, that the settlement was founded upon a mistaken appraisal of his injuries, that he was not properly represented by counsel, and that the amount of the settlement (which was the exact amount of his medical expenses) was grossly inadequate. This court held that none of these was a proper ground upon which to set aside the judgment approving the settlement.

We drew attention to the fact that the law favors amicable settlement of disputes and is inclined to clothe them with finality, and cited RCW 11.92.060, which at that time provided that a settlement made by a guardian should be binding upon a ward, provided the court has ordered or approved the action. That statute was amended in 1975 (Laws of 1975, 1st Ex. Sess., ch. 95, § 23) but its import was not materially changed with respect to the right to compromise and settle the claims of infants, with court approval. The amended section reads:

> (4) . . . Whenever it is proposed to compromise or settle any claim by or against the incompetent or the guardian as such, whether arising as a result of personal injury or otherwise, and whether arising before or after appointment of a guardian, the court on petition of the guardian of the estate, if satisfied that such compromise or settlement will be for the best interests of the incompetent, may enter an order authorizing the settlement or compromise be made.

RCW 11.92.060(4).

Observing that the statute had been followed in the case before it, this court noted that there was no showing of irregularity in the proceeding or fraud upon the court. There was no showing that the guardian had been given improper legal advice, or had been defrauded or over-reached by her counsel. A mistake as to the extent of the plaintiff's injuries, we said, is not an adequate ground upon which to set aside a settlement. We cited *Wieland v. Cedar Rapids & Iowa City Ry.*, 242 Iowa 583, 46 N.W.2d 916 (1951), holding that in the absence of fraud or collusion, the compromise of a tort claim determines with finality all claims, known or unknown, arising therefrom.

It was also held in that case, with extensive citation of authority, that inadequacy of compensation for the injuries received, alone, does not establish fraud.

Finally, we called attention to the fact that RCW 4.72-.050 provides in part:

> [t]he judgment shall not be vacated on motion or petition[2] until it is adjudged that there is a valid defense to the action in which the judgment is rendered; or, if the plaintiff seeks its vacation, that there is a valid cause of action; . . .

and said that the statute contemplates an adjudication that a meritorious cause of action exists, before the judgment can be vacated. We held, in effect, that the petitioner could not rely upon the allegations in the original complaint to establish negligence, but must make an independent showing of facts which would entitle him to relief.

Applying these principles to the case at hand, we find that the lower court must be affirmed. The motion to vacate was devoid of any allegation of fraud or collusion upon the part of the respondent or the appellant's attorney. None of the irregularities charged is attributable to the respondent, nor is any of them of sufficient substance to warrant setting aside the judgment.

---

[2]The words "or petition" have been deleted by reason of the adoption of CR 60(e).

With respect to the contention that the guardian was not notified of the hearing on the proposed settlement, the court found that the notice was sent to her. Furthermore, as the court held, notice to a client that his attorney is making application to the court for some action on its part, is not a requirement of court rule and there has been no showing that it is a requirement of due process.

■ In 3 E. Tuttle, *A Treatise of the Law of Judgments* § 1252, at 2608 (5th ed. rev. 1925), it is said:

> If an attorney is authorized to appear, the jurisdiction over the defendant is perfect, and the subsequent action of the attorney, not induced by the fraud of the adverse party, is binding on the client at law and in equity. According to Lord Hardwicke, "when a decree is made by consent of counsel, there lies not an appeal or rehearing, though a party did not really give his consent, but his remedy is against his counsel; but if such decree was by fraud and covin, it may be relieved against, not by rehearing or appeal, but by original bill," and such beyond doubt is still the rule. The rule that a party cannot in equity find relief from the consequence of his own negligence or of a mistake of the law is equally applicable where the mistake or neglect is that of his attorney employed in the management of the case.

(Footnotes omitted.)

The attorney's knowledge is deemed to be the client's knowledge, when the attorney acts on his behalf. As between attorney and client, there is a duty to keep the client informed of material developments in the matters being handled for the client "to avoid misunderstanding." This is expressed in (CPR) DR 9–102, EC 9–2. But once a party has designated an attorney to represent him in regard to a particular matter, the court and the other parties to an action are entitled to rely upon that authority until the client's decision to terminate it has been brought to their attention, as provided in RCW 2.44.040–.050, which reads:

> The attorney in an action or special proceeding, may be changed at any time before judgment or final determination as follows:

(1) Upon his own consent, filed with the clerk or entered upon the minutes; or

(2) Upon the order of the court, or a judge thereof, on the application of the client, or for other sufficient cause; but no such change can be made until the charges of such attorney have been paid by the party asking such change to be made.

RCW 2.44.040.

When an attorney is changed, as provided in RCW 2.44.040, written notice of the change, and of the substitution of a new attorney, or of the appearance of the party in person, must be given to the adverse party; until then, he shall be bound to recognize the former attorney.

RCW 2.44.050.

We have held that such requirements are mandatory and that no change of attorney of record can be made without court approval, where the attorney has not been paid. *State v. Moore,* 34 Wn.2d 351, 208 P.2d 1207 (1949). *In accord, Rogers Walla Walla, Inc. v. Ballard,* 16 Wn. App. 81, 99, 553 P.2d 1372 (1976). *See also Lipp v. Hendrick,* 65 Wn.2d 505, 397 P.2d 848 (1965).

These same provisions dispose of the appellant's contention that the judgment is subject to vacation because she had discharged her attorney. The lower court found as a fact that the attorney was unaware of her intention in this regard when he obtained approval of the settlement and entry of the order. The appellant contends that it should be conclusively presumed that the letter dated November 18, 1969, was mailed on the date it was written and was received before the date of the hearing. We need not decide this question since, in any event, the attempted discharge was inadequate, under the statute, to affect the rights and duties of the defendant and the court.

Furthermore, the appellant's absence from the proceeding resulted in no prejudice to the minor's case. Her objections to the settlement were made known to the court. Its order recites that fact, and it appears that the sole basis for her dissatisfaction was the amount of the settlement. The court thus had her position in mind when it ruled that, in

spite of such objection, the best interest of the minor would be served by approving the settlement. The appellant does not dispute that the court had the authority to override her objection. The record is devoid of any claim or any showing that the court abused its discretion in that regard.

As the court below found, the contention that evidence was not taken by the court at the settlement hearing has not been sustained. The order recited that the court heard testimony before making its decision. The only showing to the contrary is negative in nature. The surviving participants could not recall the details of the proceeding, which is not surprising in view of the fact that 7 years had passed. The court reporter in attendance that day had not recorded testimony in the proceeding. While it would appear that it would be a desirable practice to record such testimony, we are cited to no statute or court rule requiring it.

■ It is presumed that the judgment of a court of general jurisdiction is regular, and the recitals in such a judgment are prima facie evidence of the facts therein stated. *Kline Bros. & Co. v. North Coast Fire Ins. Co.,* 80 Wash. 609, 142 P. 7 (1914). As is said in 1 E. Tuttle, *A Treatise of the Law of Judgments* § 387 (5th ed. rev. 1925), the court's action at every stage of the cause from its inception to its final disposition is presumed regular and in accordance with the requirements of justice. Once it is made to appear that the requisite jurisdiction attached in the first instance and that the court was invested with power to proceed in the cause, its subsequent orders or rulings will be sustained by every intendment of correctness consistent with the record, and all action taken in the proceeding will be presumed to have been correctly taken and to be grounded on good reasons and based upon sufficient proof.

In the absence of any affirmative evidence that the court did not take testimony before approving the settlement, its recital to the contrary is conclusive.

The appellant makes no showing refuting the trial court's finding that the minor was at all times represented by independent counsel. Counsel engaged by the guardian

never purported to and did not in fact represent any other party.

The appellant has shown no fraud or collusion, or any irregularity warranting the setting aside of the judgment. At the hearing on the present motion, an attorney testified that, in his opinion, the evidence of negligence was sufficient to take the case to a jury, if the case were tried today. We need not consider the question whether that testimony, which the appellant introduced in an attempt to show that the settlement was improvident, was sufficient to establish the existence of a cause of action as required by RCW 4.72-.050. Also, we need not decide whether a guardian who was a party to an action, as distinguished from the minor that he represented, can move to set aside a judgment after the 1–year period of limitation provided in CR 60(b). Our decision assumes, without deciding, that the motion to vacate was timely.

We conclude that the court did not abuse its discretion in refusing to vacate the judgment. The order denying the motion is affirmed.

WRIGHT, C.J., and HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.