FILED
COURT OF APPEALS
DIVISION II

2014 MAR 11 AM 8:40

STATE OF WASHINGTON

BY_____
            DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Marriage of | No. 44296-5-II |
| ANN E. MILLS, | |
| Petitioner, | |
| and | |
| PAUL WIERENGA, | UNPUBLISHED OPINION |
| Respondent. | |

JOHANSON, J. — Ann E. Mills appeals the trial court's denial of her CR 60 "Relief from Judgment" motion in this dissolution case. She argues that the trial court erred in denying her motion because she presented uncontroverted documentary evidence that her former husband, Paul Wierenga, had obtained the property distribution "by fraud, misrepresentation, or other misconduct" by failing to account for funds he had moved in and out of certain accounts. Br. of Appellant at 6. Because the trial court did not abuse its discretion in denying the CR 60 motion, we affirm.

## FACTS

Mills filed for dissolution of her marriage to Wierenga in September 2009, after 15 years of marriage. On February 16, 2011, the trial court issued a letter "decision" stating,

> I am not going to attempt to divide out the various accounts as I believe the parties can do that with the guidance that *I want the bottom line to be a 50/50 division of marital assets.* I recognize that each party argued for a greater percentage share, but I am not going to give a greater percentage to either party.
>
> . . . .
>
> I believe I have given you sufficient information above to mathematically work out an equal division of the assets of the marital community.

Clerk's Papers (CP) at 97 (emphasis added).

On November 10, 2011, the trial court entered a dissolution decree. This decree reiterated that the trial court intended the parties to receive "equal" shares of the couples' assets,[1] referred to the exhibit that the parties had provided in which they divided the assets, advised the parties that they could ask the court to make adjustments, and required that any motion to adjust the property division was due by December 31.[2] The trial court also acknowledged that before the property could be divided, Wierenga was entitled to the return of $28,149.23 that he had made to certain retirement accounts because he had made those deposits after the separation. The trial court awarded $1,363,276 to Mills and $1,256,719 to Wierenga.[3] Based on these

---

[1] Mills does not challenge the trial court's decision to divide the assets equally.

[2] Specifically, the decree stated,

> The court intends to make an *equal division of the assets of the parties.* The court recognizes that the values set forth on the attached Exhibit A may not be current values for the various financial accounts and that growth or loss may have occurred therefore if either party believes there is a material difference in value he/she may by motion ask the court to make an adjustment in the division however the moving party must submit with the motion current statements for all accounts that he/she is receiving statements and the opposing party must do likewise. [Any motion shall be filed no later than 12/31/11.] The court retains jurisdiction to resolve any disputes as to the adjustments on motion of either party. See Order re Property Division in Decree.

CP at 8 (emphasis added).

[3] Both of these amounts were "Tax Adjusted." CP at 9.

2

amounts, Mills received 52 percent of the total assets and Wierenga received 48 percent of the total assets.[4]

Mills timely moved to amend the decree. On April 17, 2012, the trial court entered a final order amending the decree that reduced the amount of one of the retirement accounts that was awarded to Mills by $52,347.45. The recalculated total assets were $2,567,647.55. In light of this reduction, the trial court reduced each party's award by $26,173.73. Ultimately, Mills received $1,337,102.27 (52 percent of the recalculated total assets) and Wierenga received $1,230,545.27 (48 percent of the recalculated total assets).

On July 11, 2012, Mills filed a CR 60[5] motion to vacate and modify the property division.[6] She alleged that Wierenga (1) had improperly withdrawn $51,331.00 from retirement accounts while the dissolution was pending and (2) had falsely represented to the trial court that he had mistakenly deposited three separate property checks totaling $28,149.23 into community accounts.

On November 13, 2012, the trial court denied the CR 60 motion.[7] Mills appeals.

---

[4] The total assets were $2,619,995 ($1,363,276 + $1,256,719).

[5] Mills brought this motion under CR 60(b)(1) ("Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order."); CR 60(b)(4) ("Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."); and CR 60(b)(11) ("Any other reason justifying relief from the operation of the judgment.").

[6] In her various declarations, Mills acknowledges that the trial court had intended to divide the property equally between the parties.

[7] The trial court's order does not explain the trial court's ruling. Nor can we examine the record from the motion hearing because neither party has filed a verbatim report of proceedings.

3

ANALYSIS

We review a trial court's decision on a motion to vacate under CR 60(b) for abuse of discretion. *Mitchell v. Wash. State Inst. of Pub. Policy*, 153 Wn. App. 803, 821, 225 P.3d 280 (2009) (citing *Haller v. Wallis*, 89 Wn.2d 539, 543, 573 P.2d 1302 (1978)), *review denied*, 169 Wn.2d 1012 (2010). "An abuse of discretion is present only if there is a clear showing that the exercise of discretion was manifestly unreasonable, based on untenable grounds, or based on untenable reasons." *Moreman v. Butcher*, 126 Wn.2d 36, 40, 891 P.2d 725 (1995). "'A decision is based on untenable grounds or made for untenable reasons if it rests on facts unsupported in the record or was reached by applying the wrong legal standard.'" *Mitchell*, 153 Wn. App. at 821-22 (internal quotation marks omitted) (quoting *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003)).

The trial court's November 2011 decree ordered an *equal* division of the property. If Mills's CR 60 motion were successful, the total assets would have been valued at $2,647,127.78; $79,480.23[8] more than the value when the trial court entered the April 2012 order. But even if Mills's share of the total assets remained at $1,337,102.27, as awarded in the April 2012 order, she still received *51 percent* of the total assets. The trial court repeatedly ordered the parties to divide the assets *equally*, and Mills does not challenge this portion of the trial court's decision. Even accepting Mills's allegations that the total asset value should have been higher, Mills still received slightly more than 50 percent of the assets. Because this award is consistent with the

---

[8] $51,331.00 + $28,149.23 = $79,480.23.

No. 44296-5-II

trial court's requirement that the parties divide the assets equally, Mills does not show that the trial court abused its discretion in denying Mills's CR 60 motion. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, C.J.

LEE, J.

5