# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| RYAN HOWARD, | ) | No. 70629-2-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| PIERCE COMMERCIAL BANK and its successors and assigns; REGIONAL TRUSTEE SERVICES, CORP. | ) | |
| Defendants, | ) | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | ) | |
| Respondent. | ) | FILED: March 9, 2015 |

APPELWICK, J. — Howard appeals a judgment of foreclosure enforcing a valid settlement agreement. Because Howard fails to identify any error, we affirm.

## FACTS

In August 2007, Ryan Howard purchased a house by obtaining a loan from Pierce Commercial Bank (PCB). After Howard failed to make timely payments on the loan, Regional Trustee Services Corporation (RTS), scheduled a nonjudicial foreclosure sale. In February 2011, Howard filed a complaint for damages against PCB and its successors and assigns, RTS, and Deutsche Bank National Trust Company, which he identified as the beneficiary of the deed of trust and promissory note. He alleged criminal racketeering, deceptive practices, promissory estoppel, and fraud in the inducement and also sought an injunction to enjoin the scheduled foreclosure sale.

After a hearing on March 4, 2011, the trial court entered a preliminary restraining order prohibiting sale of the property, without prejudice to the right of Deutsche Bank, which had not been served with the summons and complaint and had not appeared at the hearing, to move to modify the order. Although it had originally challenged personal jurisdiction, Deutsche Bank accepted service in June 2012. On August 24, 2012, after allowing Howard to file an amended complaint, the trial court granted Deutsche Bank's CR 12(b)(6) motion to dismiss Howard's claims for racketeering, deceptive practices, and promissory estoppel, but ordered that his "fraud in the inducement claim may be asserted as a defense to foreclosure."

Deutsche Bank then filed an answer, affirmative defenses, counterclaims and third party claims, and initiated a judicial foreclosure against Howard and third party defendants. After entry of judgments as to all other parties, Deutsche Bank and Howard met in mediation and agreed to settle the case. On April 16, 2013, Howard and his attorney signed a memorandum of settlement prepared by the mediator. The agreement provides, in pertinent part:

1. Plaintiff Howard shall stipulate to a judgment of foreclosure in the amount of $1,225,039.85 (including dismissal with prejudice of all of Howard's claims and defenses) on the real property located at 11310 Riviera Place NE Seattle, Wa 98125 in exchange for the Bank's agreement to waive its right to claim a deficiency judgment. The parties stipulate that the procedures under RCW 6.23.020 et. Seq. apply, including Howard's right of redemption for 8 months from the date of the Sheriff's sale; finally, Howard waives his right to assert an upset price under RCW 61.12.060 or object to confirmation of the sale, including UNDER RCW 6.21.110.

2. The parties will work together to formalize this agreement with appropriate documentation, and in addition, the Bank shall provide Plaintiff with a copy of the appraisal on the subject real property within two weeks of receipt by Defense Counsel.

On May 23, 2013, after disputes arose as to the particular language of formal agreement documents and a stipulated judgment, Deutsche Bank filed a motion for entry of judgment based on the settlement memorandum. On May 31, Howard filed an "Objection" signed by "Ryan Howard, Pro SE [sic] Plaintiff." On June 3, Howard also sent two e-mail messages to the court's judicial clerk asking the clerk to forward certain documents to the judge. The clerk responded to both messages with the following: "I have reviewed the Clerk's file you are mistaken about your representation status. At this time the court will not be reviewing/considering your e[-]mails or attachments."

On June 10, 2013, the court granted Deutsche Bank's motion and entered judgment of foreclosure. The court issued an order of sale on June 20 and the King County Sheriff's Office sold the property at auction on August 9 to Deutsche Bank for $750,662.52.

Howard appeals.

## DISCUSSION

Settlement agreements are governed by general principles of contract law. Evans & Son, Inc. v. City of Yakima, 136 Wn. App. 471, 477, 149 P.3d 691 (2006). A valid agreement requires a meeting of the minds on essential terms. Id. To determine that informal writings are sufficient to establish a binding settlement agreement, we must conclude (1) the parties agreed to the subject matter, (2) all of the provisions of the agreement were set out in the writings, and

(3) the parties intended a binding agreement prior to the time of the signing and delivery of a formal contract. Id. at 475-76.

The purpose of CR 2A is to give certainty and finality to settlements. Condon v. Condon, 177 Wn.2d 150, 157, 298 P.3d 86 (2013). The party moving to enforce a settlement agreement carries the burden of proving that there is no genuine dispute over the existence and material terms of the agreement. Brinkerhoff v. Campbell, 99 Wn. App. 692, 696-97, 994 P.2d 911 (2000). We consider the evidence in the light most favorable to the nonmoving party and determine whether reasonable minds could reach but one conclusion. Id. at 697. Where a trial court relies solely on affidavits or declarations, we review its order enforcing settlement de novo. Id. at 696.

Here, Howard does not dispute that the parties agreed to the terms set out in the settlement memorandum and intended to be bound by the agreement. Instead, he claims that Deutsche Bank failed to properly serve him, rather than his attorney, with the motion to enter judgment, "having full knowledge of the fact that [counsel] was no longer representing" him. But, nothing in the record supports this claim. The record indicates that Howard's attorney was present at the mediation, signed the settlement memorandum, and negotiated with Deutsche Bank's attorney on the terms of the formal agreement in April and May. Although Howard sent e-mail messages directly to Deutsche Bank's attorney during the negotiations, Howard fails to identify any language in any message

indicating that his attorney was no longer authorized to represent him.[1] Under these circumstances, Deutsche Bank properly served the motion on Howard's attorney. See CR 5(b)(1) (service "upon a party represented by an attorney" "shall be made upon the attorney unless service upon the party himself is ordered by the court"); Haller v. Wallis, 89 Wn.2d 539, 547, 573 P.2d 1302 (1978) ("[O]nce a party has designated an attorney to represent him in regard to a particular matter, the court and the other parties to an action are entitled to rely upon that authority until the client's decision to terminate it has been brought to their attention, as provided in RCW 2.44.040-.050."). For the same reason, Howard fails to demonstrate error in the court's decision to disregard his pro se filings when considering Deutsche Bank's motion to enter judgment.

Howard next claims that Deutsche Bank breached the settlement agreement by failing to provide him with a copy of the appraisal of the property. He asserts that the appropriate remedy is reverse the judgment, "nullify" the August 2013 sale of the property, and remand the matter for trial on the merits of his claims. Again, the record does not support this claim. In her declaration supporting the motion to enter judgment, Deutsche Bank's attorney states that she e-mailed the appraisal to Howard's attorney on May 22, 2013. Howard did not offer any evidence below to dispute this fact. Moreover, even if he could demonstrate a failure by Deutsche Bank to produce the appraisal "within two weeks of receipt by Defense Counsel" as provided in the settlement

---

[1] In July 2013, after entry of the June 2013 judgment, Howard's counsel filed a notice of intent to withdraw from the case.

memorandum, Howard fails to offer any cogent argument or authority justifying the relief he requests. This court generally will not consider arguments that are unsupported by pertinent authority or meaningful analysis. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments not supported by authority); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (issues unsupported by adequate argument and authority); RAP 10.3(a).

Finally, Howard contends that the trial court erred by dismissing his meritorious claims under CR 12(b)(6) in the August 2012 order. But, Howard agreed to "dismissal with prejudice of all [his] claims and defenses" in the April 16, 2013 settlement memorandum. Because the trial court properly granted entry of judgment dismissing all his claims and defenses based on the settlement memorandum, the validity of the order granting Deutsche Bank's CR 12(b)(6) motion is moot.

Both parties request attorney fees and costs on appeal. Because Howard did not comply with RAP 18.1(b), which requires a party who requests attorney fees to devote a section of its opening brief to the request, and because he is not the prevailing party, we deny his request. See RAP 14.2. Deutsche Bank cites the deed of trust, which provides that the Lender's "reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument" "shall become additional debt of Borrower secured by this Security Instrument."

This language supports Deutsche Bank's request for attorney fees.[2] We therefore award attorney fees on appeal to Deutsche Bank against Howard.

Affirmed.

_Appelwick, J._

WE CONCUR:

_____                _____

---

[2] Even if the deed of trust did not so provide, RAP 18.9(a) allows the appellate court on its own initiative to order a party who files a frivolous appeal to pay terms to another party. An appeal is frivolous if, considering the entire record, and resolving all doubts in favor of the appellant, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal. Tiffany Family Trust Corp. v. City of Kent, 155 Wn.2d 225, 241, 119 P.3d 325 (2005). Given the fact that Howard voluntarily, and while represented by counsel, agreed to settle all his claims, and the fact that he argues before this court that the agreement is valid and enforceable, this appeal is frivolous.