FILED
COURT OF APPEALS
DIVISION II

2015 JUL -7 AM 8: 42

STATE OF WASHINGTON

BY_____
          DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| EDWARD H. PIETZ, dba EP PROPERTIES, | No. 41866-5-II |
| Respondent, | |
| v. | |
| ROBERT T. FIREBAUGH, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — Robert Firebaugh appeals the trial court's denial of his motion to vacate a confession of judgment that he executed in a civil lawsuit arising from his alleged embezzlement of funds from Edward Pietz. The confession of judgment recited that it would "not be admissible for any other purpose or as an admission of liability in any other case." Clerk's Papers (CP) at 20. Firebaugh argues that despite this language, the confession of judgment would be admissible in a subsequent criminal case. Therefore, he argues that the confession of judgment was based on a mutual mistake, and that vacation of the confession of judgment is justified under CR 60(b).

We hold that the evidence supports findings that (1) Firebaugh did not make the type of mistake that would support vacation of a confession of judgment under CR 60(b)(1), (2) Pietz did not make any mistake, and (3) Firebaugh had no basis for vacating the confession of judgment under CR 60(b)(11). Accordingly, we affirm the trial court's denial of Firebaugh's motion to vacate the confession of judgment.

## FACTS

Pietz sued Firebaugh in October 2009 asserting embezzlement and other claims. Pietz alleged that while Firebaugh was acting as his accountant, Firebaugh misappropriated money from Pietz in various ways. Firebaugh denied the allegations and asserted counterclaims against Pietz.

In December 2010, Firebaugh executed a confession of judgment in order to resolve the claims against him. The confession of judgment stated that Firebaugh confessed judgment and consented to the entry of a judgment in favor of Pietz in the amount of $1,552,492.71 in order to resolve all claims against him in Pietz's case. In the confession of judgment, Firebaugh stipulated that Pietz "could and would prove the allegations in the complaint . . . by a preponderance of the evidence in a civil trial." CP at 18.

The confession of judgment recited that it would not be admissible in any other case:

> This document is for the purposes of settling and resolving all the civil claims herein and shall not be admissible for any other purpose or as an admission of liability in any other case, pursuant to the Rules of Evidence (ER) in any other proceeding . . . Firebaugh expressly reserves the right to assert any and all defenses, he may have against Edward Pietz and EP Properties in and only in the event that any criminal prosecution is commenced against him arising out of the facts of this case.

CP at 20. At the hearing to approve the confession of judgment, counsel for Pietz agreed that the parties stipulated that any admissions in the confession were made only as to the civil case.

The trial court subsequently engaged in a discussion with Firebaugh, during which Firebaugh confirmed that he had discussed the terms of the confession of judgment with his attorney, that he understood that he would be bound by its terms, and that he agreed to be bound by those terms. The trial court then signed the confession of judgment.

After retaining new counsel, Firebaugh made a motion to vacate the confession of judgment under CR 60(b) on the grounds of mutual mistake. Firebaugh submitted a declaration stating that (1) he did not understand the contents of the confession of judgment or the legal effect of how it would apply to criminal charges, (2) he did not know that the confession of judgment would be admissible in a criminal case if charges were filed, and (3) he had been informed that the confession of judgment would be inadmissible in any further proceedings. The court denied the motion to vacate.

Firebaugh appeals.

## ANALYSIS

Firebaugh argues that the trial court erred in denying his motion to vacate his confession of judgment. He claims that both parties mistakenly believed, as stated in the confession of judgment, that the confession would not be admissible in a criminal case if charges subsequently were filed against Firebaugh. He argues that based on this mistake, the trial court should have vacated the confession of judgment under CR 60(b)(1) and (11).[1] We disagree because the evidence supports the trial court's ruling, in the exercise of its discretion, that Firebaugh was not entitled to relief under CR 60(b).

### A.    VACATION OF JUDGMENT UNDER CR 60(b)

CR 60(b) provides in part that a court may relieve a party from a final judgment, order, or proceeding for one of 11 stated reasons. One reason under CR 60(b)(1) is a mistake in obtaining

---

[1] Firebaugh also states in his brief that the trial court should have vacated the confession of judgment under CR 60(b)(5), which allows for the vacation of void judgments. However, he makes no argument that the confession of judgment was void. Therefore we do not address this issue. *See West v. Thurston County*, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012).

a judgment or order. Another reason under CR 60(b)(11) is "[a]ny other reason justifying relief from the operation of the judgment."

Generally, we review a trial court's ruling under CR 60(b) for an abuse of discretion. *Tamosaitis v. Bechtel Nat., Inc.*, 182 Wn. App. 241, 254, 327 P.3d 1309 (2014). Therefore, the trial court's decision will not be overturned on appeal absent a manifest abuse of discretion. *In re Marriage of Newlon*, 167 Wn. App. 195, 199, 272 P.3d 903 (2012). We will find an abuse of discretion only if the trial court's exercise of discretion was based on untenable grounds or made for untenable reasons. *Id.*

B.    MUTUAL MISTAKE

Firebaugh argues that the trial court should have vacated his confession of judgment because it was based on the mistaken belief of both parties that the confession of judgment would not be admissible in a subsequent criminal case. We reject this argument because the evidence supports a ruling that neither Firebaugh nor Pietz made a mistake regarding the confession of judgment that supported relief under CR 60(b)(1).

1.    Rules for Consent Judgments

Many cases regarding a claim of mistake under CR 60(b)(1) involve default judgments. In that context, a party requesting relief must show that the judgment was entered as the result of a unilateral mistake. *See Ha v. Signal Elec., Inc.*, 182 Wn. App. 436, 453, 332 P.3d 991 (2014).

However, this case involves a confession of judgment, which is authorized by statute and is designed to resolve disputes among willing parties. *See* RCW 4.60.050. A confession of judgment requires the consent of both parties to the judgment. *Pederson v. Potter*, 103 Wn. App. 62, 68, 11 P.3d 833 (2000). As a result, such a judgment by consent can be vacated under CR

60(b)(1) based on a mistake only if there has been a *mutual* mistake. *Haller v. Wallis*, 89 Wn.2d 539, 544-45, 573 P.2d 1302 (1978). In addition, our Supreme Court in *Haller* stated that two types of "mistakes" do not support vacating a consent judgment: (1) an error or misapprehension of the parties or their counsel, and (2) erroneous advice of counsel pursuant to which the judgment was entered. *Id.* at 544.

2. No CR 60(b)(1) Mistake by Firebaugh

The threshold issue under CR 60(b)(1) is whether Firebaugh made the type of mistake that would support vacation of a judgment. Firebaugh provided no evidence of such a mistake.

Firebaugh claims that he did not understand the legal effect of the confession of judgment as it applied to possible criminal charges and that he was misinformed that the confession of judgment would not be admissible in a subsequent criminal case. However, the mistake Firebaugh alleges is the type of mistake the court in *Haller* expressly stated does *not* support relief under CR 60(b)(1). 89 Wn.2d at 544. The evidence supports a finding by the trial court in an exercise of its discretion that Firebaugh's motion to vacate was based only on a misapprehension of the confession of judgment or on erroneous advice of counsel, neither of which supports relief under CR 60(b)(1).

We hold that based on the evidence in the record, the trial court did not abuse its discretion in denying Firebaugh's motion to vacate the confession of judgment under CR 60(b)(1) based on his alleged misunderstanding of the effect the confession of judgment had on any subsequent criminal proceedings.

5

### 3. No Mistake by Pietz

As stated above, in order to vacate a judgment based on consent under CR 60(b)(1), a party must show a *mutual* mistake. *Haller*, 89 Wn.2d at 544. Firebaugh presented no evidence that Pietz was mistaken regarding the effect the confession of a judgment had on subsequent criminal proceedings.

Again, Firebaugh points to the statement in the confession of judgment that it would not be admissible in any other case. However, Firebaugh submitted no evidence regarding how *Pietz* interpreted this language. Pietz may have understood that this language provided that the confession of judgment would not be admissible only in other cases involving the parties, or may have understood that the confession of judgment would be admissible in a subsequent criminal case despite this language. Conversely, Pietz may have believed that Firebaugh's agreement that Pietz could prove the allegations in the complaint by a preponderance of the evidence in a civil trial would not be admissible in a subsequent criminal trial where guilt must be proven beyond a reasonable doubt.

Firebaugh did not supply the trial court with any evidence that Pietz made a mistake with regard to the confession of judgment. Accordingly, we hold that Firebaugh is not entitled to relief from the confession of judgment under CR 60(b)(1).

## C. ANY OTHER REASON JUSTIFYING RELIEF

Firebaugh argues that the confession of judgment should be vacated under CR 60(b)(11) because he did not understand the legal effect of the confession of judgment and its admissibility in a criminal case. We disagree.

41866-5-II

CR 60(b)(11) is a catch-all provision authorizing judgments to be vacated for any other reason justifying relief. The use of this provision is confined to situations involving extraordinary circumstances not covered by any other section of the rule. *In re Marriage of Furrow*, 115 Wn. App. 661, 673, 63 P.3d 821 (2003).

Firebaugh does not provide any argument regarding the applicability of CR 60(b)(11) under these facts. Firebaugh also does not cite to any authority for the proposition that purported ignorance of the legal consequences of a confession of judgment constitutes extraordinary circumstances. Accordingly, we hold that Firebaugh failed to establish extraordinary circumstances warranting relief under CR 60(b)(11).

We affirm the trial court's denial of Firebaugh's motion to vacate the confession of judgment.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, P.J.

LEE, J.

7