# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, a Maryland corporation,<br><br>    Respondent,<br><br>  v.<br><br>FIONA DOUGLAS-HAMILTON,<br><br>    Appellant,<br><br>APPLE CONSTRUCTION, LLC, a Washington limited liability company d/b/a APPLE HOMES,<br><br>    Defendant. | No. 77033-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: July 23, 2018 |

APPELWICK, C.J. — Douglas-Hamilton appeals the trial court's denial of her motion to vacate a judgment by confession. Douglas-Hamilton's motion under CR 60(b)(1) was untimely, and the mutual mistake alleged would not support vacation of a confession of a judgment. We affirm the trial court's denial of the motion to vacate.

## FACTS

Fiona Douglas-Hamilton was a member of Apple Construction LLC. Apple applied to Frontier Bonding Service LLC for a general contractor's bond. On May 17, 2006 Colonial American Casualty and Surety Company furnished a

contractor's registration act[1] surety bond on behalf of Apple Construction LLC, in the penal sum of $12,000, pursuant to RCW 18.27.040. Douglas-Hamilton, as indemnitor, signed an indemnity agreement (Agreement) that stated, in part,

> The undersigned, jointly and severally agree. . . . to indemnify the Surety/Agent against all loss, liability, costs, damages, attorney and collection fees and any other expenses which might be incurred by reason of executing said bond, in prosecuting or defending any action thereon, in obtaining a release, and enforcing this Agreement.

The Agreement also provided,

> If the bond herein applied for is on behalf of two or more principals, it is agreed and understood the Indemnity shall apply and be binding upon the Undersigned, regardless of whether the undersigned or any one or more of them, is freed of liability in the cause in which the bond herein applied for is required.

And, the Agreement included a termination provision that stated,

> This agreement may be terminated by the Indemnitors upon twenty (20) days written notice sent by registered mail to the Agent or Surety, but termination shall not relieve the Indemnitors from any liability that accrued on the bond prior to the effective date of the termination or the release of all liability under the bond if the bond is non-cancelable.

Douglas-Hamilton withdrew as a member of Apple on April 29, 2008. On February 3, 2011 Douglas-Hamilton notified Colonial American that she was terminating her obligation as indemnitor on the bond. Colonial American notified Douglas-Hamilton that, effective February 23, 2011, it had terminated her liability under the Agreement. That notice also stated that Douglas-Hamilton remained liable for any claim prior to the termination date.

---

[1] Chapter 18.27 RCW.

2

A number of lawsuits were filed against Apple. On July 22, 2011 a judgment was entered against Apple, Colonial American, and the bond for $14,998.59. Colonial American served Douglas-Hamilton with a summons and complaint for breach of contract from one of the lawsuits. Douglas-Hamilton then consented to a confession of judgment in which she agreed to pay principal judgment owed to Colonial America over a period of two years. On June 17, 2014, Colonial American filed the confession of judgment with the trial court. At that time, Douglas-Hamilton owed Colonial American $9,487.22. The court entered the judgment against Douglas-Hamilton.

On June 30, 2014 Colonial American filed a writ of garnishment on Douglas-Hamilton's bank account. On March 13, 2017, Douglas-Hamilton filed a motion to vacate the confession of judgment. The trial court denied the motion to vacate and Douglas-Hamilton's subsequent motion for reconsideration. Douglas-Hamilton appeals.

## DISCUSSION

Douglas-Hamilton argues that the trial court abused its discretion in denying her motion to vacate. First, she contends that it abused its discretion, because it did not provide any grounds for denying her motion. Second, she argues that she did not have any liability under the bond when she terminated her indemnity, and the confession of judgment that the trial court entered was due to mistake and irregularity. And, both Douglas-Hamilton and Colonial America argue that they are entitled to attorney fees and costs on appeal.

We review a trial court's decision on a motion to vacate judgment for an abuse of discretion. Haller v. Wallis, 89 Wn.2d 539, 543, 573 P.2d 1302 (1978). A trial court abuses its discretion when its decision is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons. Hundtofte v. Encarnación, 181 Wn.2d 1, 6, 330 P.3d 168 (2014).

Douglas-Hamilton argues that the trial court abused its discretion in denying her motion to vacate without providing a basis for its decision. She has not cited authority requiring a statement of the basis for decision on a motion under CR 60(b). We may affirm the trial court on any basis supported by the briefing and record below. Huff v. Wyman, 184 Wn.2d 643, 648, 361 P.3d 727 (2015).

Douglas-Hamilton moved to vacate the order on the confession of judgment. Under CR 60(b)(1), the court may relieve a party from a final judgment for mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order. A motion brought under CR 60(b)(1) is timely only if it is filed within a reasonable time and not more than one year from the date of the judgment, order, or proceeding from which relief is sought. Luckett v. Boeing Co., 98 Wn. App. 307, 310, 989 P.2d 1144 (1999).

The court entered the order based on the confession of judgment on June 17, 2014. On July 21, 2014, Douglas-Hamilton acknowledged the judgment entered against her in an e-mail to Colonial American. She did not move to vacate the judgment until more than two years later, on March 13, 2017. Because this is more than one year after the judgment, the trial court did not abuse its discretion in denying the motion.

Moreover, Douglas-Hamilton moved to vacate the judgment under the claim that both she and Colonial American were mistaken as to her obligation under the Agreement. And, she argues that she was "misled into signing the Confession of Judgment without legal representation upon the mistaken and erroneous claim that she was liable to Colonial on the surety bond that had already terminated."

Washington courts have long recognized that a mistake of law will not support vacation of a judgment. Bjurstrom v. Campbell, 27 Wn. App. 449, 451, 618 P.2d 533 (1980). This case involves a confession of judgment, which requires the consent of both parties to the judgment. Pederson v. Potter, 103 Wn. App. 62, 68, 11 P.3d 833 (2000). As a result, such a judgment by consent can be vacated under CR 60(b)(1) based on a mistake only if there has been a mutual mistake. See Haller, 89 Wn.2d at 544. The court in Haller outlined two types of "mistakes" that do not support vacating a consent judgment: (1) an error or misapprehension of the parties or their counsel, and (2) erroneous advice of counsel pursuant to which the judgment was entered. Id. at 544. Thus, the mistake that Douglas-Hamilton alleges occurred is not grounds on which to vacate a judgment, even if timely motion was made.

Under RAP 18.1, this court may award costs to the prevailing party on appeal. The prevailing party may recover such fees if it is permitted by contract, statute, or some recognized ground in equity. See Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co., 144 Wn.2d 130, 143, 26 P.3d 910 (2001). Both parties recognize that the confession of judgment provides for the recovery of attorney fees. We award attorney fees and costs to Colonial American.

We affirm the trial court's denial of Douglas-Hamilton's motion to vacate.

_____ Appelwick, C.J.

WE CONCUR:

_____ Leach, J.          _____ Dwyer, J.