JAMES C. GRAVES, *Respondent*, v. P. J. TAGGARES CO., *Appellant*.

*William R. Hickman* and *Reed, McClure, Moceri & Thonn*, for appellant.

*John E. Calbom*, for respondent.

ROE, J.—This case involves stipulations made by an attorney without the authority or knowledge of his client.

While Oscar Rodriguez was delivering a truckload of onions for defendant P. J. Taggares Co., he ran a stop sign and was killed when he struck James Graves' car. Graves suffered amnesia and could not testify as to the accident. In his suit for damages, he alleged Rodriguez was employed by P. J. Taggares Co. and was negligent in running the stop sign. He moved for a summary judgment on the issue of the employer–employee relationship between Taggares and Rodriguez. The motion was supported by affidavits and a memorandum. Taggares' original and former attorney did not appear in court for the motion, but talked with the judge by telephone. A summary judgment entitled "Order Granting Summary Judgment on Liability" was granted. However, even though the summary judgment is entitled an "Order Granting Summary Judgment on Liability" and is denominated as such in the parties' briefs, summary judgment was not a concession of liability but merely an identification of an agency relationship between Rodriguez and Taggares, thus identifying the proper defendant. On the day of the trial, with the venire waiting in the courtroom, Taggares requested a continuance. A conference was held in the judge's chambers, where he expressed some reluctance to grant the continuance because the venire was waiting.

The attorneys for both sides then arrived at certain stipulations. They reported back to the judge and, in his chambers, with counsel, plaintiff Graves, and a court reporter present, the judge questioned counsel for Taggares whether he agreed to all the stipulations. Taggares' attorney stated that he did. Defendant Taggares was not otherwise present or represented.

The stipulations entered into were: (1) waiver of a jury trial; (2) no additional medical evidence presented by the defendants—the only medical evidence to be presented in the case was to be the deposition of Dr. William Shanks; (3) P. J. Taggares' liability would not be contested, the relationship of master and servant existed between Rodriguez and Taggares, and the accident was due to the fault of Rodriguez, that Graves did not contribute to the accident.

Hence, there would be no issue of contributory or comparative negligence, and there would be no evidence necessary or presented by either side with reference to the liability question; (4) the pictures of the vehicles taken at the scene of the accident would be admitted; (5) the pay scale for the Wenatchee local union members would be admitted; and (6) the amount of medical bills. The nature and extent of the stipulations are not accurately reflected in the briefs, so this was extracted from the verbatim report of proceedings. Each party reserved for trial the right to argue the issue or question of proximate cause as far as injuries and disabilities are concerned, that is, the interpretation of the evidence. The right to argue the issue of the extent and proximate cause of damages would appear possibly inconsistent with stipulation No. 2, which purports to limit the medical evidence to the deposition of Dr. William Shanks, because if the deposition were incomplete, ambiguous, or uncertain, each party or especially the court might wish to supplement the medical evidence by other evidence in order to achieve justice.[1] In the interests of substantial justice, a court may appoint its own witnesses to present additional testimony. *Gilmartin v. Stevens Inv. Co.*, 43 Wn.2d 289, 297–98, 261 P.2d 73 (1953). Seemingly it should do so. In the above case the trial court was reversed for finding that substantial damage had occurred but disbelieved the witnesses as to the value, so awarded nominal damages only. The right to rebut is an adjunct to the right to question. Plaintiff Graves personally agreed to the stipulations and a continuance was granted. This was done

---

[1]"The weight of authority supports the rule that the trial judge may call witnesses on his own initiative." *Ramsey v. Mading*, 36 Wn.2d 303, 310–11, 217 P.2d 1041 (1950). This fundamental power of a judge to call witnesses will exist "so long as the Bench retains a true conception of its constitutional function and a due sense of self–respect." 9 J. Wigmore, *A Treatise on the Anglo–American System of Evidence in Trials at Common Law* § 2484, at 270 (3d ed. 1940). *See also* Annot., *Trial court's appointment, in civil case, of expert witness*, 95 A.L.R.2d 390 (1964); Annot., *Court's witnesses (other than expert) in criminal prosecution*, 67 A.L.R.2d 538 (1959). Trial judges are not mere indifferent umpires, they are instruments of justice; ER 614(a); ER 706.

without the consultation, knowledge, or approval of the defendant or his insurance carrier.

During the course of this case, the liability insurer for P. J. Taggares Co. was entreating counsel for progress reports and counsel was not frank, and possibly was deceptive in his responses. At a hearing before the court on the issue of damages, defendant's counsel presented no evidence, limiting himself to cross–examination of plaintiff's witnesses, James Graves, Laura Graves, James Bennett, and economist Clarence Barnes. The deposition of Dr. William M. Shanks was read into the record. The court awarded plaintiff Graves $131,200 in damages; Graves had prayed for $850,000 in damages, and testimony at trial had shown damages in the amount of $263,498.56.

Taggares' insurance carrier, upon learning many weeks later of this outcome, bitterly complained that the actions of Taggares' attorney were done without the knowledge or the approval of the carrier. This is conceded by Taggares' then counsel. The insurance company first learned of the judgment when writs of garnishment were served on it, to its shocking surprise. Defendant filed an appeal to this court in September 1978. In January 1979, Taggares' new counsel asked the trial court to vacate the judgment under CR 60 on the grounds of mistake and irregularity and to avoid manifest injustice, claiming that Taggares' original counsel was without authority to enter into the stipulations and because CR 2A was not properly followed. The motion to vacate was denied and Taggares appeals. Both appeals in this case were consolidated.

Argument is made that CR 2A applies and that its terms were not complied with. That rule reads:

> *No agreement* or consent between parties or attorneys in respect to the proceedings in a cause, *the purport of which is disputed,* will be regarded by the court unless the same shall have been made and assented to in open court before a court reporter, or entered in the minutes, or unless the evidence thereof shall be in writing and subscribed by the attorneys denying the same.

(Italics ours.) Although a reporter was present, the stipulations were not made in open court, as required by the rule, because of the presence of the venire. In our view, however, CR 2A is not applicable to this case because it is limited to cases in which there are stipulations "the purport of which is disputed." In this case, the stipulations are not disputed by the parties, but we find a possible ambiguity exists, as previously explained, because argument was reserved on the issue of extent and proximate cause of the damages.

■ Defendant's new counsel also claims that the partial summary judgment was not properly granted. There is likewise no merit to this claim. A summary judgment is proper when there is no genuine issue of material fact. *LaPlante v. State,* 85 Wn.2d 154, 158, 531 P.2d 299 (1975). When the movant supports the motion with evidentiary matter, the adverse party may not rest on its pleadings but must set forth specific facts sufficient to rebut the moving party's contention and disclose that there is a genuine issue for trial. *W.G. Platts, Inc. v. Platts,* 73 Wn.2d 434, 438 P.2d 867, 31 A.L.R.3d 1413 (1968). Taggares merely rested on its pleadings, and did not set forth any evidence of a material fact. The summary judgment was thus properly granted. CR 56(c). *Island Air, Inc. v. LaBar,* 18 Wn. App. 129, 136, 566 P.2d 972 (1977).

■ As to the authority of the attorney to bind his client to the ordinary stipulations in a lawsuit, the general rule in Washington is set out in *Haller v. Wallis,* 89 Wn.2d 539, 547, 573 P.2d 1302 (1978), where the court refused to vacate a judgment. The court quoted 3 E. Tuttle, *A Treatise of the Law of Judgments* § 1252, at 2608 (5th ed. rev. 1925):

> If an attorney is authorized to appear, the jurisdiction over the defendant is perfect, and the subsequent action of the attorney, not induced by the fraud of the adverse party, is binding on the client at law and in equity. . . . The rule that a party cannot in equity find relief from the consequence of his own negligence or a mistake of the law is equally applicable where the

mistake or neglect is that of his attorney employed in the management of the case.

Further, the court said at page 547:

[O]nce a party has designated an attorney to represent him in regard to a particular matter, the court and the other parties to an action are entitled to rely upon that authority until the client's decision to terminate it has been brought to their attention, . . .

*Haller* presents the strongest case in Washington which binds the client by the actions of an attorney, suggesting that the claim, if any, is against the counsel. *Haller* differs from the case at bench in many important respects. There the mother had engaged a firm of attorneys to pursue a claim against the defendant arising out of the injury of her 5–year–old child. A settlement offer of $1,000 was communicated to the mother and a day for a hearing was set, since her counsel was convinced the defendant was not liable. The trial court approved the settlement, although the mother objected and her objections were brought to the attention of the trial court. The mother was advised at all times of the proposed action. Her subsequent motion to vacate was devoid of any allegation of fraud or collusion on the part of the appellant's attorney. The court stated at page 547:

As between attorney and client, there is a duty to keep the client informed of material developments in the matters being handled for the client "to avoid misunderstanding."

The court also found no prejudice in the minor's case by the nonconsent of the mother, since her objection was made known to the court, and the minor had independent counsel. The minor had the interested intervention of the court pursuant to statute with the duty of inquiring into the child's best interests.

The court also stated at page 545 of *Haller,* in referring to 3 E. Tuttle, *A Treatise of the Law of Judgments* § 1352 (5th ed. rev. 1925):

[C]onsent by an attorney contrary to his client's instructions may be ground for vacating such a judgment, but as a general rule courts are loathe to act upon this ground alone unless fraud appears.

In *Snyder v. Tompkins,* 20 Wn. App. 167, 579 P.2d 994 (1978), the court refused to set aside an in–court settlement which had been explained by the attorney to his clients. One of the clients agreed in court and the other acquiesced by voluntarily absenting herself from the courtroom during the oral stipulation. The court held that the client was bound by the settlement without a showing of fraud or overreaching; both clients were present in court.

We hold that as to the stipulations entered into regarding liability, fault and nonfault, and the admissibility of exhibits, Taggares' attorney had the authority to bind the defendant. Although Taggares' attorney was clothed with the authority to enter into certain stipulations which would bind his client, that authority is not absolute.

In *Morgan v. Burks,* 17 Wn. App. 193, 563 P.2d 1260 (1977), the court affirmed the vacation of a judgment of dismissal when an action involving injuries to a minor was settled for an amount considerably less than would appear to be reasonable, even though the parties were in court. Although the attorneys may have understood the stipulation for dismissal, the clients did not. The court held that without the authorization or informed consent of the client, an order of dismissal entered by the attorney does not bind the client.

CR 60, the rule on postjudgment relief, states in part:

(b) . . . On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

. . .

(11) Any other reason justifying relief from the operation of the judgment.

. . .

**(e)** . . .

**(1)** . . . Application shall be made by motion filed in the cause stating the grounds upon which relief is asked, . . . and if the moving party be a defendant, the facts constituting a defense to the action or proceeding.

RCW 4.72.050 further provides:

The judgment shall not be vacated on motion or petition[2] until it is adjudged that there is a valid defense to the action . . .

In support of its CR 60 motion, Taggares argues that its original attorney was not clothed with the authority to enter into the stipulations and that there was a material fact that could have defeated the partial summary judgment motion. The question of authority of its attorney is not a sufficient defense in the absence of a showing of fraud or overreaching by counsel. Nor is the material fact contention a good defense: all that was settled in the partial summary judgment was the issue of respondeat superior, that if Rodriguez' liability were found, then Taggares' liability would exist. Furthermore, even if the partial summary judgment had been improperly granted, the liability of P.J. Taggares Co. had been stipulated to and the partial summary judgment may no longer be attacked.

We are thus left with the serious question whether under the circumstances of this case defense counsel's unauthorized withdrawal of the jury demand warranted a vacation of the judgment.

We hold that no client should be at the mercy of his attorney, who, without the authority or knowledge of his client stipulates away such a right directly contrary to the client's interest, as was done in the case at bench. If there is substantial doubt, the client's interest should be protected.

The defendant in this case is entitled to have a jury decide the issue of damages arising from the claim. Article 1, section 21, Washington State Constitution, states:

---

[2]The words "or petition" have been deleted by reason of the adoption of CR 60(e). *Haller v. Wallis, supra* at 546. *See* CR 60(e)(4).

> The right of trial by jury shall remain inviolate, but the legislature may provide for . . . waiving of the jury in civil cases where the consent of the parties interested is given thereto.

*See* 2 L. Orland, Wash. Prac. § 191 (1972). In this case the defendant made the jury demand presumably pursuant to his client's order. CR 38(d) provides: "A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." In criminal cases, an attempted waiver of right by counsel is not an effective waiver. *Humphrey v. Cady,* 405 U.S. 504, 31 L. Ed. 2d 394, 92 S. Ct. 1048 (1972); *Little v. Rhay,* 8 Wn. App. 725, 728, 509 P.2d 92 (1973). *See* CrR 6.1(a). No Washington civil cases on this precise question have been found. In *In re Quesnell,* 83 Wn.2d 224, 240–43, 517 P.2d 568 (1973), the court held that the right to trial by jury in civil proceedings is fundamental and may not be waived by a guardian ad litem of a person charged with being mentally ill. The person charged must give his own knowing consent to a waiver of jury trial. We recognize that *In re Quesnell, supra,* although a civil case, nonetheless involved the deprivation of liberty.

We find that under the peculiar facts of this case, where the defendant demanded a jury as provided by rule, and it is of constitutional dimensions, that in a civil case where defendant's counsel, admittedly without any authority or consent and contrary to the wishes of his client, waives the right to a previously demanded jury trial, a vacation of judgment is warranted under CR 60(b)(11).

Even though liability and proximate cause of the accident were conceded, the right to argue the extent of damages was reserved and defense counsel should be able to present evidence as to the extent of damages by cross-examination of plaintiff's witnesses or by calling its own witnesses.

Terms should be assessed against appellant by the trial court, which will include the amount to the county for jury expenses.

Affirmed in part, reversed in part.

GREEN, C.J., and McINTURFF, J., concur.

Reconsideration denied January 25, 1980.

Review granted by Supreme Court March 7, 1980.