[No. 17656-4-II.  Division Two.  March 29, 1996.]

DAVID W. LANE, ET AL., *Respondents*, v. BROWN & HALEY, *Appellant*.

*Paul R. Brummett* and *Malarchick & Associates*; and *Gary A. Trabolsi* and *Lee, Smart, Cook, Martin & Patterson, P.S., Inc.,* for appellant.

*Steven M. McConnell,* for respondents (counsel on appeal).

BRIDGEWATER, J. — Brown & Haley appeals the vacation of an order of dismissal after a hearing on its motion for summary judgment. We hold that attorney negligence does not provide grounds for vacation of the judgment and reverse.

David W. Lane suffered severe head injuries from falling down a flight of stairs at Brown & Haley's facility in Tacoma in July, 1986. The shortcomings of the Lanes' attorney are as follows: (1) failure to contact witnesses, whose names had been previously supplied and who could have testified that Brown & Haley had notice of the defective condition of the stairs; (2) failure to advise the Lanes of the motion for summary judgment; (3) utilization of an incorrect legal theory at summary judgment; and (4) filing a late notice of appeal.

Brown & Haley moved for summary judgment and offered interrogatory answers and deposition testimony establishing that Lane did not know of anyone with knowledge that would support his claim against Brown & Haley. The Lanes' attorney appeared and argued in opposition to the summary judgment motion. Finding that the Lanes had failed to show that Brown & Haley had notice of the defect, the trial court granted summary judgment to Brown & Haley and dismissed the Lanes' complaint "with prejudice."

Because the Lanes' first attorney filed a late notice of appeal, the matter was not appealable. The Lanes retained a new attorney who filed a timely motion for relief from the judgment. As support, the Lanes offered the affidavits of five witnesses who stated that they had knowledge of the stair's defective condition. Initially, the trial court granted the Lanes' motion and vacated the previous judgment using CR 60(b)(1).[1] After reconsideration, the trial court ruled that vacation was warranted pursuant to CR 60(b)(11),[2] theorizing that failure to present evidence on a crucial evidentiary issue at summary judgment was analogous to the unauthorized surrender of a "substantial right." *See Graves v. P.J. Taggares Co.*, 94 Wn.2d 298, 616 P.2d 1223 (1980).

On review, a trial court's vacation of a judgment under CR 60(b) will be overturned only upon a showing that the court abused its discretion. *Pybas v. Paolino*, 73 Wn. App. 393, 399, 869 P.2d 427 (1994). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *In re Tang*, 57 Wn. App. 648, 653, 789 P.2d 118 (1990).

The vacation of a default judgment is distinguishable from the vacation of a judgment on the merits in two ways. First, a court must apply a different set of equitable factors when considering a motion to vacate a default judg-

---

[1]CR 60(b)(1) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order[.]

[2]CR 60(b)(11) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

. . . .

(11) Any other reason justifying relief from the operation of the judgment.

ment as opposed to a motion to vacate a judgment on the merits. *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076 (5th Cir. 1984); *cf. Haller v. Wallis*, 89 Wn.2d 539, 543-44, 573 P.2d 1302 (1978). Second, the law favors resolution of cases on their merits and, accordingly, favors their finality. *Cf. Haller*, 89 Wn.2d at 544. Therefore, an appellate court will review the vacation of a default judgment more leniently than the vacation of a judgment on the merits.

▪ Most of the Lanes' authority is inapplicable because it concerns default judgments. This was not a default judgment; rather, it was a summary judgment, which is a judgment on the merits in the nature of judgment after a trial. *Storey v. Shane*, 62 Wn.2d 640, 643, 384 P.2d 379 (1963).

## I

The Lanes argue that their attorney's failure to inform them of the pending summary judgment proceeding represents a mistake or irregularity in obtaining the judgment that warrants vacation of the judgment. *See* CR 60(b)(1).

▪▪ *Mosbrucker v. Greenfield Implement, Inc.*, 54 Wn. App. 647, 652, 774 P.2d 1267 (1989), defines the type of "irregularity" that CR 60(b)(1) concerns: "Irregularities pursuant to CR 60(b)(1) occur when there is a failure to adhere to some prescribed rule or mode of proceeding, such as when a procedural matter that is necessary for the orderly conduct of trial is omitted or done at an un[r]easonable time or in an improper manner." Client notice is not a court requirement. *See Haller*, 89 Wn.2d at 547. Accordingly, relief pursuant to CR 60(b)(1) is not available here.

## II

The Lanes argue that the trial court properly vacated the judgment because their first attorney surrendered substantial rights without his clients' authorization. *See* CR 60(b)(11); *Graves*, 94 Wn.2d 298.

■ CR 60(b)(11) authorizes a court to relieve a party from a final judgment, order or proceeding for "[a]ny other reason justifying relief from the operation of the judgment." The use of CR 60(b)(11) " 'should be confined to situations involving extraordinary circumstances not covered by any other section of the rule.' " *Gustafson v. Gustafson*, 54 Wn. App. 66, 75, 772 P.2d 1031 (1989) (quoting *In re Flannagan*, 42 Wn. App. 214, 221, 709 P.2d 1247 (1985), *review denied*, 105 Wn.2d 1005 (1986)). These circumstances involve " 'irregularities which are extraneous to the action of the court or go to the question of the regularity of its proceedings.' " *Flannagan*, 42 Wn. App. at 221 (quoting *State v. Keller*, 32 Wn. App. 135, 141, 647 P.2d 35 (1982)); *Shum v. Department of Labor & Indus.*, 63 Wn. App. 405, 408, 819 P.2d 399 (1991).

■ Generally, the incompetence or neglect of a party's own attorney is not sufficient grounds for relief from a judgment in a civil action. 47 AM. JUR. 2d *Judgments* § 812 (1995); *Haller*, 89 Wn.2d at 547; *see Winstone v. Winstone*, 40 Wash. 272, 274, 82 P. 268 (1905); *In re Burkey*, 36 Wn. App. 487, 490, 675 P.2d 619 (1984).

The Lanes' reliance upon *Graves* is misplaced. In *Graves*, the attorney for the defendant in a personal injury case entered into a series of stipulations and conditions with the opposing side without any authorization from or notice to his client. Upon learning of its attorney's actions, the defendant moved to vacate the judgment. Noting that this case implicated an exception to the general rule binding a party by the acts of his attorney, the court found that vacation of the judgment was warranted when an attorney surrendered a "substantial right" of his client through unauthorized stipulations or compromises. *Graves*, 94 Wn.2d at 303-04. Accordingly, the court found that the attorney's unauthorized surrender of substantial rights created the kind of extraordinary circumstances that warranted vacation of the judgment pursuant to CR 60(b)(11). *See Graves v. P.J. Taggares Co.*, 25 Wn. App. 118, 126, 605 P.2d 348, *aff'd in part, rev'd in part*, 94 Wn.2d

298, 616 P.2d 1223 (1980); *Burkey*, 36 Wn. App. at 490 n.2. *See also Morgan v. Burks*, 17 Wn. App. 193, 199-200, 563 P.2d 1260 (1977) (upholding vacation of settlement and order of dismissal entered without client's authorization).

The present case is distinguishable from *Graves* because the Lanes' attorney never entered into a stipulation or compromise with Brown & Haley. Consequently, he cannot be said to have surrendered or waived any of the Lanes' substantial rights. Rather, the Lanes' attorney, acting on behalf of the Lanes, appeared in a fully adversarial setting in which the merits of the case were fully addressed. For whatever reason, he neglected or refused to investigate possible sources of notice evidence, choosing instead to rely on an erroneous legal theory.

> The attorney's knowledge is deemed to be the client's knowledge, when the attorney acts on his behalf. . . . [O]nce a party has designated an attorney to represent him in regard to a particular matter, the court and the other parties to an action are entitled to rely upon that authority until the client's decision to terminate it has been brought to their attention, as provided in RCW 2.44.040-.050 . . . .

*Haller*, 89 Wn.2d at 547. There is no evidence that the trial court or counsel for Brown & Haley knew about or colluded to bring about the Lanes' attorney's actions. Brown & Haley should not be penalized for the quality of representation provided by an attorney the Lanes' voluntarily selected as their legal representative.

The Lanes argue that *Graves* stands for the proposition that violation of the Rules of Professional Conduct 1.4 (for lawyers), by failing to keep his client reasonably informed, provides sufficient grounds for vacating a judgment.[3] The *Graves* court, however, discussed an earlier version of this

---

[3]The *Graves* court cites RPC 1.4's predecessors, 7-7 and 7-8 of the Washington Code of Professional Responsibility, as support for the position that an attorney's unauthorized surrender of a substantial right provides sufficient grounds for vacation of a judgment. *Graves*, 94 Wn.2d at 302-03.

rule within the context of the limited exception that empowers a court to vacate a judgment resulting from the unauthorized surrender of a client's substantial rights. Moreover, the court explicitly recognized that beyond this exception, the general rule — a client is bound by the actions of his attorney — continued to be applicable, noting that the exception applied because the attorney "misrepresent[ed]" his authority to the court and the adversary. *Graves*, 94 Wn.2d at 304. There is no evidence of such misrepresentation here.

We follow *Haller* and apply its well-reasoned logic to this case: (1) the law favors finality, 89 Wn.2d at 544; (2) erroneous advise of counsel, error of counsel, surprise, or excusable neglect are not grounds to set aside a consent judgment (a settlement approved in court), 89 Wn.2d at 544; (3) fraud provides the grounds to vacate nondefault judgments, 89 Wn.2d at 546; (4) attorney mistake or negligence does not provide an equitable basis for relief for the client, 89 Wn.2d at 547; (5) notice to the client of upcoming action in court is not a requirement of court rule, 89 Wn.2d at 547.

Although *Haller* was concerned with a settlement in the personal injury suit of a minor, we apply its logic with equal vigor to decisions based upon motions for summary judgment. The judgment here was entered after full resolution of the controversy on its merits. The trial court erred in vacating its order on summary judgment.

We reverse.

MORGAN and ARMSTRONG, JJ., concur.

Review denied at 129 Wn.2d 1028 (1996).