# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

BELLEVUE PARK HOMEOWNERS
ASSOCIATION,

Appellant,

v.

AKRAM HOSSEINZADEH and JOHN
DOE HOSSEINZADEH, wife and
husband, and their marital community,

Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

DIVISION ONE

No. 75130-1-I

UNPUBLISHED OPINION

FILED: July 10, 2017

2017 JUL 10 AM 10:38

COURT OF APPEALS DIV.I
STATE OF WASHINGTON
FILED

DWYER, J. — A motion to vacate a judgment, brought pursuant to CR 60(b)(11), is not a substitute for a direct appeal.[1] The superior court herein lost sight of this principle. While this very case was on direct appeal, the superior court improvidently entertained and improperly granted just such a motion. We reverse.

I

The Bellevue Park Homeowners Association, a condominium association, sued Akram Hosseinzadeh for unpaid condominium special assessments, pursuant to the Washington Condominium Act.[2] Hosseinzadeh answered the Association's complaint, alleging 11 affirmative defenses, none of which were a

_____

[1] In re Marriage of Thurston, 92 Wn. App. 494, 499, 963 P.2d 947 (1998).
[2] Ch. 64.34 RCW.

claim that payment was excused because Hosseinzadeh had been discriminated against by the Association.

The Association moved for summary judgment. Hosseinzadeh filed a response which in part asserted that the lawsuit was brought by the Association to retaliate against her for previously filing discrimination complaints against the Association with the Washington Human Rights Commission (HRC),[3] that a prior agreement barred the lawsuit, and that the Association's special assessments were arbitrary and capricious.[4]

The trial court granted the Association's motion for summary judgment and entered a personal judgment against Hosseinzadeh and a foreclosure decree against her condominium unit. Hosseinzadeh timely filed an appeal from the judgment (Case No. 74138-1-I).

Three months later, however, Hosseinzadeh moved to vacate the judgment, pursuant to CR 60(b). Hosseinzadeh alleged that the summary judgment order was entered in violation of the Fourteenth Amendment because the Association was motivated by discrimination when it initiated litigation against her. This was the same claim as had been referenced in her summary judgment response. The claim was now based on legal briefing and evidentiary

---

[3] Hosseinzadeh filed a fair housing complaint with the HRC in 2002 and in 2012, both of which alleged that the Association had discriminated against her and her family. The parties settled the 2002 complaint with no admission of wrongdoing or discrimination by the Association. With regard to the 2012 complaint, the HRC held a hearing and concluded that no discrimination had occurred.

[4] Hosseinzadeh never moved to amend her answer. Neither did she seek a continuance of the hearing to allow for discovery or for the opportunity to secure additional factual declaration testimony.

submissions that had not been put before the trial court when it ruled on the summary judgment motion.

The trial court granted Hosseinzadeh's motion and entered an order vacating the judgment.

The Association now appeals.

II

The Association asserts that the trial court erred by granting Hosseinzadeh's motion to vacate pursuant to CR 60(b)(11). We agree.

We review for abuse of discretion a trial court's order granting a motion to vacate pursuant to CR 60(b). Luckett v. Boeing Co., 98 Wn. App. 307, 309, 989 P.2d 1144 (1999). "'Discretion is abused when it is exercised on untenable grounds or for untenable reasons.'" Luckett, 98 Wn. App. at 309-10 (quoting Lane v. Brown & Haley, 81 Wn. App. 102, 105, 912 P.2d 1040 (1996)).

CR 60(b)(11) is a "catch-all" provision granting the trial court discretion to vacate an order or judgment for "[a]ny other reason justifying relief from the operation of the judgment." "Application of this provision is limited to 'situations involving extraordinary circumstances not covered by any other section of the rule.'" In re Marriage of Thurston, 92 Wn. App. 494, 499, 963 P.2d 947 (1998) (internal quotation marks omitted) (quoting Lane, 81 Wn. App. at 107). Application of this provision is "'confined to cases in which the ground alleged is something extraneous to the action of the court or goes only to the question of the regularity of its proceedings.'" Kern v. Kern, 28 Wn.2d 617, 619, 183 P.2d

- 3 -

811 (1947) (quoting 1 HENRY CAMPBELL BLACK, A TREATISE ON THE LAW OF JUDGMENTS § 329, at 506 (2d ed.)).

Significantly, CR 60(b)(11) is not to be treated as a substitute for direct appeal. Thurston, 92 Wn. App. at 499. Errors of law are not extraordinary circumstances "correctable through CR 60(b); rather, direct appeal is the proper means of remedying legal errors." State v. Keller, 32 Wn. App. 135, 140, 647 P.2d 35 (1982). Indeed, the trial court's power to vacate judgments

> "is not intended to be used as a means for the court to review or revise its own final judgments, or to correct any errors of law into which it may have fallen. That a judgment is erroneous as a matter of law is ground for an appeal, writ of error, or certiorari, according to the case, but it is no ground for setting aside the judgment on motion."

Kern, 28 Wn.2d at 619 (quoting 1 BLACK, supra, § 329, at 506).

But the trial court did just that—and erred by so doing. Hosseinzadeh's motion to vacate the judgment was nothing other than an attempt to relitigate an issue that was foreclosed by the grant of summary judgment—a decision on the merits of the controversy.[5] The motion to vacate was simply an improper attempt to treat CR 60(b)(11) as a substitute for direct appeal.[6] The superior court's order vacating the judgment is reversed.

---

[5] Hosseinzadeh's trial court and appellate briefing is replete with citations to cases and authority that concern motions to vacate *default* judgments. Those cases are inapplicable. As herein mentioned, the judgment was entered after a proceeding on the merits.

[6] The superior court also erred by considering Hosseinzadeh's motion as setting forth "'extraordinary circumstances,'" Thurston, 92 Wn. App. at 499 (quoting Lane, 81 Wn. App. at 107), being "'extraneous to the action of the court,'" or calling into question the "'regularity of its proceedings.'" Kern, 28 Wn.2d at 619 (quoting 1 BLACK, supra, § 329, at 506).

III

The Association requests an award of attorney fees and costs incurred on appeal. We may award attorney fees based on a contractual or statutory provision, or a well-recognized principle of equity. Herzog Alum., Inc. v. Gen. Am. Window Corp., 39 Wn. App. 188, 191, 692 P.2d 867 (1984). RCW 64.34.364(14) authorizes an award of costs and reasonable attorney fees incurred in connection with the collection of delinquent condominium assessments.

This is a collateral matter arising out of the Association's appeal of an order vacating the judgment against Hosseinzadeh for unpaid special assessments. Pursuant to RCW 64.34.364(14), we grant the Association's request insofar as costs and attorney fees have been incurred in its appeal of the trial court's order vacating the judgment.[7] Upon compliance with RAP 18.1, a commissioner of this court will enter an appropriate order.

Reversed.

We concur:

_Dwyer, J._

_Cox, J._        _Becker, J._

---

[7] Any request for an award of fees or costs stemming from the underlying litigation on direct appeal will be dealt with in the opinion resolving that dispute.