IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

CHAD C. SHOEMAKER,

              Petitioner/Respondent,

              v.

BILLIE A. SHOEMAKER

              Respondent/Appellant.

No. 77251-1

DIVISION ONE

UNPUBLISHED OPINION

FILED: November 13, 2018

COURT OF APPEALS DIV I
STATE OF WASHINGTON
2018 NOV 13 AM 11: 56
FILED

CHUN, J. — Chad Shoemaker filed for dissolution of his marriage to Billie Shoemaker. A succession of attorneys represented Billie[1] during the course of the proceedings, but each withdrew, and she eventually represented herself. Billie failed to appear for the court-ordered settlement conference, her deposition, and the trial. Chad presented evidence at the trial. The trial court deemed his proposed division of assets and liabilities equitable and entered the dissolution decree. Billie filed a motion to vacate under CR 60(b). The trial court denied the motion and she appeals. Because the trial court did not abuse its discretion in denying the motion, we affirm.

I.
BACKGROUND

Billie and Chad married in August 2007. In July 2016, Billie told Chad she needed to go to California to care for her mother after knee surgery. She purchased a one-way ticket. Before she left, Billie shipped all her clothes to

---

[1] For clarity, this opinion refers to the parties by their first names. We intend no disrespect.

California, telling Chad she was donating them to a homeless shelter there. After dropping her at the airport, Chad returned home to discover Billie had taken all the jewelry from their safe,[2] the keys and titles to her cars, and the key to their storage unit. Chad immediately filed for dissolution. He also filed for a restraining order, alleging domestic violence.

After Chad filed for dissolution, Billie remained in California. She attempted to obtain employment, but had little success and experienced financial hardship. Between September 2016 and the end of March 2017, four different attorneys represented Billie. All of them eventually withdrew.

In November 2016, Chad filed a motion for default based on Billie's failure to respond to the petition for dissolution. Chad also filed a motion setting trial for December 16, 2016. Billie requested the trial court dismiss the two motions so she could retain new counsel after her second attorney filed a notice of intent to withdraw. The trial court continued the motion for default and rescheduled the hearing. On December 14, 2016, Billie signed a response to the petition for dissolution. Her attorney filed the response on December 28, 2016, and no default order was entered. On December 16, 2016, the parties entered an agreed order setting a settlement conference for April 27, 2017 and trial for May 9 and 10, 2017. The order setting trial was filed on December 21, 2016.

In March 2017, Chad filed a motion to compel mediation after Billie failed to respond to his settlement offers. Billie's next and third attorney stipulated to

---

[2] Chad is a jeweler by profession. The safe contained Billie's jewelry and jewelry for the store.

2

an order setting Billie's deposition for April 3, 2017 and mediation for April 4, 2017. That lawyer then withdrew as Billie's attorney of record.

Billie failed to attend both the deposition and mediation. Chad requested trial take place on May 9 and 10, 2017. Self-represented, Billie filed a motion for temporary maintenance and a motion to continue the trial date to allow her to obtain new counsel and in light of her economic circumstances. She failed to note the motions for hearing, so the court did not hear them.

Chad filed a motion to compel Billie's attendance at her deposition, which the court granted. The court noted Billie's failure to attend deposition and the court-ordered settlement conference, and her service of abusive discovery. It ordered Billie to pay sanctions of $2,000. The deposition was not rescheduled and Billie failed to pay the sanctions.

On May 9, 2017, Billie failed to appear for trial. The record shows Billie had been contacted and advised of the trial date. She failed to provide any notice of her absence. The trial court took admitted evidence and agreed with Chad's proposed division of assets and liabilities.

The trial court held a hearing for presentation of the findings and conclusions on June 16, 2017. Billie appeared telephonically, representing herself, and requested relief under CR 60. She had filed a CR 60 motion, which was untimely and did not comply with the local rules. The trial court informed her the clerk's office would not accept the filing. The trial court suggested Billie properly file a motion for reconsideration.

Billie then filed a motion for order to show cause and vacate the final dissolution decree under multiple provisions of CR 60(b). The trial heard arguments and denied the motion. The trial court concluded Billie failed to comply with the procedural requirements of CR 60(e). The trial court noted Billie's failure to attend the court-ordered deposition and settlement conference and her failure to pay the assessed sanctions. The trial court also deemed Billie's claims of indigency and need for time to obtain counsel unsupported by the record. The trial court found no irregularities in the proceedings or other cause under CR 60(b) to justify relief from judgment.

Billie appeals.

## II.
## ANALYSIS

### A.    Motion to Vacate

Billie appeals the trial court's denial of her motion to vacate the final dissolution decree. The court has the power to vacate judgments in cases where the ground alleged pertains to something extraneous to the action of the court or the regularity of its proceedings. Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980). "An appeal from denial of a CR 60(b) motion is limited to the propriety of the denial not the impropriety of the underlying judgment." Bjurstrom, 27 Wn. App at 450-51. An appellate court will not overturn a trial court's decision on a motion to vacate a judgment under CR 60(b) absent an abuse of discretion. Scanlon v. Witrak, 110 Wn. App. 682, 686, 42 P.3d 447 (2002). "Discretion is abused when exercised on untenable grounds or for untenable reasons." Scanlon, 110 Wn. App. at 686.

4

Billie raises multiple grounds for relief under CR 60(b). We examine each in turn.[3]

### 1. CR 60(b)(1) - Irregularities in the Proceedings

Billie contends she was entitled to relief from the final dissolution decree due to irregularities in the proceedings, including: attorney violations of withdrawal procedures and entry of the order setting trial date before closure of pleadings; the court's failure to consider her motion for continuance, response to petition for dissolution, and motion for spousal support; and the court's failure to account for her self-representation. None of these claims raise irregularities requiring relief from judgment.

CR 60(b)(1) allows for relief from judgment due to "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order."

> An "irregularity," within the meaning of this rule, has been defined
> as the want of adherence to some prescribed rule or mode of
> proceeding; and it consists either in the omitting to do something
> that is necessary for the due and orderly conducting of a suit, or in
> doing it in an unreasonable time or improper manner.

Haller v. Wallis, 89 Wn.2d 539, 543, 573 P.2d 1302 (1978).

Many of Billie's claimed irregularities pertain to technical defects in notices of withdrawal from her attorneys and one attorney's failure to comply with

---

[3] Billie argues the trial court failed to make required findings to deny a motion to vacate a default judgment under CR 60(b)(1). But the trial court did not enter a default judgment. Billie submitted a response to the petition for dissolution in December 2016. As a result, the pending motion for default was stricken. One of her attorneys completed an agreed order setting a settlement conference for April 27, 2017, and a two day trial beginning May 9, 2017. The trial court conducted a bench trial and admitted evidence on May 9, 2017. Although Billie failed to attend trial, the trial court did not enter the dissolution as a default. Therefore, Billie's argument pertaining to the trial court's failure to set aside a default judgment is inapposite.

Whatcom County Local Rule 40.1.[4] However, "the incompetence or neglect of a party's own attorney is not sufficient grounds for relief from a judgment in a civil action." Lane v. Brown & Haley, 81 Wn. App. 102, 107, 912 P.2d 1040 (1996). See In re Estate of Harford, 86 Wn. App. 259, 265, 936 P.2d 48 (1997). An attorney's mistake or negligence does not provide an equitable basis for relief from judgment. Lane, 81 Wn. App. at 109.

The additional claims of irregularities in the proceedings concern the trial court's failure to consider Billie's improperly filed motions for continuance and spousal support, or account for Billie's pro se status. This claim ignores Washington's approach to self-represented participants in the legal system. See Matter of Rhem, 188 Wn.2d 321, 328, 394 P.3d 367 (2017). "[W]e have established a stricter approach that pro se petitioners must comply with applicable rules and statutes and, importantly, we hold them to the same standard as an attorney." Rhem, 188 Wn.2d at 328. The trial court's lack of consideration of Billie's improperly filed motions did not constitute a procedural irregularity necessitating vacation of the judgment.[5]

---

[4] Whatcom County Local Rule 40.1 requires responses or proper defaults for all named parties before moving to set trial. Here, Billie signed her response to the petition for dissolution on December 14, 2016. The parties signed an agreed order setting trial on December 16, 2016. The trial court entered the order setting trial on December 21, 2016. Billie's attorney failed to file her response to the petition until December 28, 2016. The attorney's delay in filing the response to the petition despite entering an agreed order to set a trial date does not provide an equitable basis for relief from judgment. See Lane, 81 Wn. App. at 109.

[5] On appeal, Billie also claims the trial court failed to consider her response to the petition for dissolution. However, the briefing contains no legal argument on this issue in violation of RAP 10.3(a)(6). "We do not consider conclusory arguments that are unsupported by citation to authority. . . . Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." Brownfield v. City of Yakima, 178 Wn. App. 850, 876, 316 P.3d 520 (2014). Therefore, we do not consider this issue on appeal.

## 2. CR 60(b)(4) - Fraud

Billie claims the trial court was required to take testimony, make findings, and weigh the evidence of her allegations of fraud.[6] She argues her sworn statement and documents demonstrate erroneous factual representations as to the marital property. She also raises Chad's violation of the temporary restraining order, ineffective assistance of counsel, her attempts to attend the deposition, and her lack of income. These claims do not amount to fraud in the proceedings as required for relief under CR 60(b)(4).

CR 60(b)(4) allows for vacation of a judgment for fraud, misrepresentation, or other conduct of an adverse party. Lindgren v. Lindgren, 58 Wn. App. 588, 596, 794 P.2d 526 (1990). "The rule does not, however, permit a party to assert an underlying cause of action for fraud that does not relate to the procurement of the judgment." Lindgren, 58 Wn. App. at 596. The fraudulent conduct must cause the entry of the judgment "such that the losing party was prevented from fully and fairly presenting its case or defense." Lindgren, 58 Wn. App. at 596.

Many of Billie's allegations in support of her motion to vacate for fraud relate to the value of the marital and separate property. These issues concern the merits of the property distribution, rather than the procedures for obtaining the dissolution of marriage. Billie could have litigated these issues at the trial, but

---

[6] In the absence of a finding of fact, an appellate court "must indulge in the presumption that the party with the burden of proof failed to sustain their burden on this issue." In re Welfare of A.B., 168 Wn.2d 908, 927 n.42, 232 P.3d 1104 (2010). Because Billie had the burden of proving grounds for relief under CR 60(b), the lack of findings demonstrates her failure to sustain this burden.

not on a motion to vacate. See In re Marriage of Maddix, 41 Wn. App. 248, 253, 703 P.2d 1062 (1985).

Billie also raises ineffective assistance of counsel, lack of income, violation of the restraining order, and attempts to attend the mediation as grounds for vacation under CR 60(b)(4). But she fails to demonstrate any fraudulent action in these claims. She also fails to provide legal argument to support her claims that these issues amount to fraud or misconduct required for vacation under CR 60(b)(4).[7] Given the lack of any factual basis for fraud in the proceedings, the trial court did not abuse its discretion by declining to take testimony or grant a motion to vacate under CR 60(b)(4).[8]

### 3. CR 60(b)(9) - Unavoidable Casualty or Misfortune

Billie also moved to vacate the dissolution decree under CR 60(b)(9), which allows relief from judgment due to "[u]navoidable casualty or misfortune preventing the party from prosecuting or defending." She claims the need to care for her mother after serious surgery, her lack of income, and inability to travel to Washington or hire effective counsel constituted an unavoidable casualty or misfortune. We disagree.

CR 60(b)(9) allows for relief when events beyond a party's control prevent the party from pursuing or defending a case. Stanley v. Cole, 157 Wn. App. 873,

---

[7] Again, "[w]e do not consider conclusory arguments that are unsupported by citation to authority. . . . Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." Brownfield, 178 Wn. App. at 876.

[8] Oral testimony at a CR 60(b) hearing is discretionary when the motion does not raise disputed issues of fact. Stoulil v. Edwin A. Epstein, Jr., Operating Co., 101 Wn. App. 294, 298 n. 7, 3 P.3d 764 (2000). When a CR 60(b)(4) motion raises disputed facts, "a court errs by 'vacating the judgment without first hearing and weighing testimony regarding fraud, misrepresentation or other misconduct.'" Stoulil, 101 Wn. App. at 298 n.7 (quoting Maddix, 41 Wn. at 252).

882, 239 P.3d 611 (2010). Case law suggests serious illness, natural disaster, or similar events of that magnitude rise to the level of unavoidable casualty or misfortune anticipated under this rule. Stanley, 157 Wn. App. at 882. Furthermore, unavoidable casualty alone is not sufficient for relief. Stanley, 157 Wn. App. at 882. "The rule further requires the party seeking CR 60(b)(9) relief to establish that the casualty or misfortune 'prevent[ed] the party from prosecuting or defending' the case." Stanley, 157 Wn. App. at 882.

Billie fails to demonstrate the level of severity necessary for relief under CR 60(b)(9). While serious illness of a parent may qualify, Billie's mother underwent surgery to remove torn cartilage from her knee. Billie admitted this surgery required a "short term stay" to care for her mother. While any surgery has risks, knee surgery to remove torn cartilage does not amount to a serious illness rising to the level of unavoidable casualty or misfortune.

Billie also claims her lack of income to travel for dissolution proceedings or hire effective counsel amounted to an "unavoidable casualty or misfortune." While unfortunate, these issues to do not rise to the level of severity of a natural disaster or events of similar magnitude anticipated by the rule.

Finally, Billie fails to establish that her mother's surgery or her lack of income prevented her from litigating her dissolution. As shown during the CR 60(b) hearings, Billie had the ability to represent herself telephonically. At that point, her distance, lack of funds, and self-representation did not prevent her from litigating her case. Therefore, Billie was not eligible for relief from judgment under CR 60(b)(9).

4. CR 60(b)(11) - Any Other Reason Justifying Relief From Judgment

Finally, Billie claims numerous alleged violations of procedure, including the improper withdrawal of multiple attorneys and the trial court's failure to respond to her motions and protect her rights as a self-represented litigant, constitute extraordinary circumstances warranting relief under CR 60(b)(11).

CR 60(b)(11) allows for relief from judgment for "[a]ny other reason justifying relief from the operation of the judgment." "CR 60(b)(11) applies only in extraordinary circumstances relating to 'irregularities which are extraneous to the action of the court or go to the question of the regularity of its proceedings.'" Barr v. MacGugan, 119 Wn. App. 43, 48, 78 P.3d 660 (2003) (internal quote marks omitted) (quoting In Re Marriage of Flannagan, 42 Wn. App. 214, 221, 709 P.2d 1247 (1985)). As discussed above, none of the issues demonstrate extraordinary circumstances requiring relief from judgment. The trial court did not abuse its discretion in denying Billie's motion to vacate the order on dissolution.

B. Attorney Fees on Appeal

Chad requests fees due to the frivolous and intransigent nature of Billie's appeal. An appellate court may award fees for a frivolous appeal. See Kinney v. Cook, 150 Wn. App. 187, 195, 208 P.3d 1, (2009); RAP 18.9(a). An unsuccessful appeal is not necessarily frivolous. Protect the Peninsula's Future v. City of Port Angeles, 175 Wn. App. 201, 220, 304 P.3d 914 (2013). Rather, "an appeal is frivolous if it raises no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that no reasonable possibility of

10

reversal exists." <u>Protect the Peninsula's Future</u>, 175 Wn. App. at 220. We resolve any doubts about frivolity in the appellant's favor. <u>Protect the Peninsula's Future</u>, 175 Wn. App. at 220.

Here, we assign no merit to Billie's claims. For example, Billie incorrectly argues for application of the standard of review for vacating a default judgment despite the record of a trial with testimony. Billie also argues the trial court should have afforded her heightened protections and extra leeway as a self-represented litigant, when Washington has a clearly established rule holding pro se litigants to the same standards, rules, and procedures as attorneys. And Billie attempts to claim her mother's elective knee surgery to remove torn cartilage as an unavoidable casualty or misfortune that prevented her from participating in her case.

None of Billie's arguments on appeal raise debatable issues. They are so devoid of merit that no reasonable possibility of reversal exists. Therefore, we exercise our discretion to award attorney fees on appeal to Chad.

We affirm.

_____
Chun, J.

WE CONCUR:

_____               _____
Leach, J.                                        

11